Marion Southall **BUTLER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7682.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1958.

Decided Oct. 10, 1958.

A. Scott Anderson, Richmond, Va. (Court appointed counsel), for appellant.

R. R. Ryder, Sp. Asst. U. S. Atty. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

In the District Court for the Eastern District of Virginia, the defendant, with nine co-defendants, was tried and convicted upon charges of conspiracy to violate the Internal Revenue laws relating to liquor. The defendant had independently employed counsel of his own selection, an experienced trial attorney who, as a result of illness, had become addicted to dope. The defendant knew that his attorney had recently been under treatment for narcotics addiction, and was then under indictment charged with altering prescriptions.

In this proceeding under 28 U.S.C.A. § 2255, the defendant claims a denial of

his constitutional right to the effective assistance of counsel, but the District Court found that his defense was ably and effectively presented by his attorney and more vigorously than other attorneys presented the defense of the co-defendants. Since the defendant was well aware of the entire situation at the time he chose to go to trial with his attorney, the District Court denied the motion.

For the reasons more fully stated by Judge Hoffman in his opinion, 167 F. Supp. 102, we think denial of the motion was proper.

Judge Hoffman, however, had appointed an outstanding attorney of Richmond to represent the defendant in the hearing of the motion. With great industry and ability he has urged the cause of the defendant, and he earnestly insists that, despite the defendant's knowledge of the facts, the trial judge should have acted to prevent the appearance for the defendant of an attorney with a recent history of treatment for addiction and who was then under indictment.

There is much difficulty with this position, however. The attorney was an experienced member of the bar of the court, against whom no disbarment proceedings had been commenced, in apparent command of his faculties and effectively discharging his duties. The defendant's constitutional right to counsel, when independently employed by him, is to counsel of his choice. Had the trial judge indicated any disinclination to permit the appearance of the defendant's attorney, the defendant might naturally have felt compelled to accept substitute counsel. Deprived of the right to counsel of his choice, grave doubt would have been cast upon the validity of the proceedings.

We think the trial judge, who was fully informed of the situation, chose the correct course when he carefully watched the performance of the defendant's attorney, but permitted him to proceed when he discharged his duties with skill and vigor.

Affirmed.