**Calvin W. PRUITT, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Misc. No. 4517.**

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 27, 1965.

See also 243 F.Supp. 907.

Michael L. Soffin, Richmond, Va., for plaintiff.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

For reasons hereinafter stated the further proceedings herein are ordered stayed indefinitely pending clarification as to the status of counsel for petitioner, or until otherwise ordered by the United States Court of Appeals for the Fourth Circuit.

The time has arrived when courts and counsel should assert their rights with respect to prisoners who insist upon making accusations against their attorneys without any justification, who refuse to adhere to any suggestions advanced by counsel, and who discharge their court-appointed attorneys to the embarrassment of the attorney and to the Court charged with protecting the constitutional rights of such prisoners. If we are to turn over the entire judicial system to the felons now residing in the various penal institutions, the welfare of our society has been seriously jeopardized. If attorneys and judges are required to sit back and obey the "orders" of convicted felons, we may as well "open the gates" and do away with incarceration of persons convicted of crimes. While this Court has had occasion to hold that persons convicted of crimes have been ineffectively represented, it has not been by reason of any presumption of inadequacy nor any mere acceptance of a statement by the prisoner, and when the prisoner is being ably represented, courts should insist that the prisoner cooperate.

The history of this case will disclose that petitioner forwarded a petition for writ of habeas corpus to the federal

court on January 9, 1964, while his appeal from the denial of a similar petition following a plenary hearing in the state court was still pending. This Court entered an order on January 16, 1964, directing the filing of the petition but stating that the action was premature due to the pendency of the appeal in the Supreme Court of Appeals of Virginia. Without detailing the basis of petitioner's claim for relief as set forth in the petition, it is sufficient to state that he claims insanity at the time of his several trials which, according to his petition, were as follows:

| Offense | Date of Offense | City or County | Sentence | Date of Sentence |
|---------|-----------------|----------------|----------|------------------|
| Robbery | 3/8/58 | Caroline | 20 yrs. | 5/15/58 |
| Robbery | 3/26/58 | Caroline | 30 yrs. | 5/15/58 |
| Murder | (not disclosed) | Fairfax | Life | 7/3/58 |

In the Caroline County cases petitioner insisted upon conducting his own defense but the state court likewise insisted that court-appointed counsel be present with him. Jury was waived and, on the plea of not guilty in each case, the state court found petitioner guilty and imposed the foregoing sentences. The very basis of petitioner's attack upon the validity of the Caroline County judgments is that neither the court, nor the court-appointed attorney, questioned the petitioner as to his competency or capability to represent himself. What happened in the murder trial in Fairfax County as far as legal representation may be concerned is not disclosed by the petition.

Thereafter this Court learned that by letter dated January 6, 1964, petitioner had requested leave to withdraw his petition for appeal prepared and filed in the Supreme Court of Appeals of Virginia by a specially designated court-appointed attorney, which petition was then pending. This action taken by motion was not under the advice of his counsel. On January 20, 1964, the Supreme Court of Appeals of Virginia, acting pursuant to petitioner's *pro se* request, permitted the withdrawal of petitioner's appeal. This Court thereupon dismissed the petition under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, as a deliberate attempt to bypass the orderly procedure of the state courts.

Petitioner's request for withdrawal of his petition for appeal was due to the fact that, according to petitioner, his state court-appointed attorney had failed to make certain statements in the petition for appeal which petitioner believed should be included. The order dismissing the federal petition for writ of habeas corpus was entered on February 18, 1964.

On March 9, 1964, petitioner requested the entry of an order extending the time within which he could make or perfect an appeal. Being without jurisdiction to extend the time, the Court treated the motion as a notice of appeal and entered an order to this effect on March 9, 1964; and on April 3, 1964, an order was entered directing the issuance of a certificate of probable cause.

When the appeal reached the United States Court of Appeals an order was entered designating Michael L. Soffin of Richmond, Virginia, as court-appointed attorney for petitioner on appeal. Apparently Mr. Soffin was persuasive in his efforts as the Court of Appeals reversed in an opinion written by Circuit Judge Bell. Pruitt v. Peyton, 4 Cir., 338 F.2d 859. The gist of the reversal lies in one sentence:

"With all due respect to the district court judge, whose patience has been sorely tried, we think this record en-

titles Pruitt to an evidential hearing to determine whether he has knowingly and understandingly abandoned or deliberately bypassed the state courts."

The mandate from the Court of Appeals was received at Norfolk on December 23, 1964. This Court immediately communicated with Mr. Soffin to ascertain his willingness to continue to represent petitioner. Despite the inconvenience to Mr. Soffin occasioned by the distance between Richmond (the residence of counsel) and Norfolk (the place of holding court), Mr. Soffin graciously agreed to continue to the extent of a final determination of the limited hearing ordered by the Court of Appeals. An order was entered to this effect on January 4, 1965.

The immediate question presented was whether conversations and correspondence between petitioner's former state court-appointed habeas corpus attorney and the petitioner constituted admissible evidence to the extent that it may be pertinent in determining whether petitioner knowingly and understandingly abandoned or deliberately bypassed the state court procedure. The state court-appointed habeas corpus attorney advised the Court and counsel that, in his opinion, the correspondence would be material on the issue framed by the Court of Appeals. To this date, however, the Court knows nothing with reference to the contents of any communication as aforesaid, the Court being of the opinion that the communications should not be examined until there was a final determination of admissibility.

Mr. Soffin objected to the receipt of any such correspondence and presumably he knows the contents of same. Briefs were submitted by Mr. Soffin and counsel for respondent. Oral argument was heard at Norfolk on April 9, 1965. The interesting question presented was thereafter the subject of legal research by the Court and on July 27, 1965, a memorandum opinion was filed holding that the attorney-client relationship did not preclude the receipt of such evidence. Pruitt v. Peyton, D.C., 243 F.Supp. 907. Mr. Soffin had previously indicated that, if the decision were adverse to petitioner, he would like to appeal from an interlocutory order. To avoid the possible embarrassment to the state habeas corpus attorney, the memorandum opinion indicated a willingness to certify the matter as appropriate for an appeal from an interlocutory order. Additionally, Mr. Soffin raised the issue of an independent mental examination for the purpose of determining petitioner's mental condition on or about January 6, 1964—the approximate date petitioner took his precipitous action in withdrawing his state court appeal. This is the subject of a separate memorandum filed August 23, 1965.

Prior to the Court's memoranda of July 27 and August 23 the petitioner, acting *pro se* despite instructions to communicate with the Court only through his counsel, addressed a letter to the Court which reads in part as follows:

"As I have written Mr. Soffin to inform you, I have absolutely no objection to the introduction into evidence of the letters or *any* letters or communications which I may have written Mr. Whitticar. Let there be no mistake about it."

Following receipt of this communication the Court entered an order on July 13, 1965, directing Mr. Soffin to advise whether the contention previously advanced by petitioner (through counsel) was to be abandoned. Mr. Soffin immediately replied that, by reason of the uncertain mental condition of petitioner, the contention could not be abandoned.

While no orders have as yet been entered pursuant to the memoranda of July 27 and August 23, it is reasonable to assume that differences of opinion had arisen between petitioner and his counsel, Mr. Soffin. It must be remembered that Mr. Soffin is petitioner's sixth attorney, all of whom the petitioner claims to be incompetent according to his recent letters.

Under date of October 19, 1965, the Court received a letter from Mr. Soffin enclosing a proposed order permitting him to withdraw as counsel. He attached letters from petitioner to Soffin under date of October 6 and October 10, together with a copy of a letter which petitioner addressed to Circuit Judge Simon E. Sobeloff dated October 5, 1965.

The Clerk of this Court is ordered to file the aforesaid letters as a part of the record in this case.

Without detailing the contents of these letters, it is sufficient to state that petitioner now blasts his sixth attorney—and the only attorney who has prevailed in his contention—as being incompetent. He so charges in his letter to Judge Sobeloff. The viciousness of his letters to Mr. Soffin is only exceeded by the nature of the crimes for which he remains incarcerated. His comments about the judge of this Court are of no consequence. Over a period of years adverse criticism has been received from many sources. While this Court and court-appointed counsel are charged with the duty of protecting constitutional rights of all persons, there is no inherent right of a prisoner to write such vituperous letters to an attorney who has ably endeavored to represent petitioner in an ethical manner to the best interest of petitioner.

In his letters to Mr. Soffin petitioner insists that he now wishes to represent himself at the hearing to determine whether he bypassed state court procedures in the manner prescribed by the Court of Appeals. To permit such self-representation would constitute a repetition of what petitioner now complains took place in Caroline County where he was granted leave to represent himself, although a court-appointed attorney was present at all times. Moreover, in the state habeas corpus plenary hearing the trial judge refused to permit *pro se* presentation and petitioner complains of this fact. He charges his attorney in the state habeas plenary hearing as being incompetent. When it became necessary to appeal the state habeas corpus decision, another attorney was appointed by the state court and petitioner charges that he was incompetent.

The mental competency of petitioner is unknown to this Court at this time. If he is mentally incompetent, it would be unwise to proceed without counsel. Mr. Soffin was originally appointed by the Court of Appeals and he now significantly points out that it may create error if he insists "upon further representing this man who now wants me to resign."

To ask a seventh attorney to represent petitioner is a burden which is grossly unfair to such an attorney. Irrespective of the final outcome, any attorney hereafter selected will be subjected to the same type of abuse.

The problem cannot be resolved by yielding to the demands and orders of petitioner. The only solution is to insist that petitioner cooperate with the courts and his counsel. If he refuses to do so, he may meet his final days still awaiting his hearing. In the final analysis either the petitioner or the courts must give way. This district judge is unwilling to be subordinated to the petitioner in the absence of an order from the Court of Appeals.

If and when petitioner apologizes to Mr. Soffin for petitioner's past comments and requests his attorney to continue his loyal and effective representation in the manner deemed best by Mr. Soffin, the Court will then enter such further orders as may be appropriate. If petitioner does not wish to tender such apology and make such request, petitioner may appeal from this order which will enable the Court of Appeals to make such decision as it deems proper. The controversy between petitioner and his attorney is solely occasioned by a difference of opinion as to the necessity of testing the correctness of the district court ruling that the attorney-client relationship is not applicable. Certainly Mr. Soffin is more capable of making this determination than the petitioner; if not, we may as well do away with the burdens imposed upon attorneys in

representing these prisoners, all of which is without hope of any financial reward.

Should petitioner elect to note an appeal from this order, he may do so by filing a written notice of appeal within ten (10) days from the entry of this order. This Court will certify said appeal as appropriate from an interlocutory order, and will permit the appeal in *forma pauperis*. The Court assumes, however, that if such an appeal is noted, Mr. Soffin should not serve as counsel on appeal from the terms of this order.

If petitioner elects to apologize and request Mr. Soffin to continue his representation, the Court will assume that Mr. Soffin will be in complete charge of further proceedings to the extent of completing his services on the issue of deliberately bypassing the state court procedure. For the moment, the request of Mr. Soffin to be relieved from his services is ordered postponed.

The Clerk will mail certified copies of this order to (1) the petitioner; (2) Michael L. Soffin, Esquire; and (3) Reno S. Harp, III, Assistant Attorney General of Virginia.