## CIRCUIT COURT OF FAIRFAX COUNTY

Richard F. Tomblyn et al.

v.

Claude T. Compton

December 11, 1991

Case No. (Law) 97684

BY JUDGE JOHANNA L. FITZPATRICK

This matter is before the Court on the Defendant's motion seeking an order directing the Plaintiff to waive any and all attorney-client privilege that was established with Plaintiffs' former counsel Gregory Porter, Esq., in regard to his representation of the Plaintiffs in the prior suits filed by U.S.F. & G. or the settlements thereof. I have carefully considered the motion, pleadings, and arguments of counsel, as well as the applicable authority, and I find the following to be appropriate and necessary in this case.

This case is a legal malpractice action arising from the Plaintiffs' prior employment of the Defendant to represent them in two actions filed by U.S. F. & G. which resulted in summary judgment in favor of U.S. F. & G. against the Plaintiffs. Subsequently, the Plaintiffs hired Mr. Porter to represent them post-judgment, and no settlement could reached. Thereafter, the Plaintiffs hired Royce A. Spence, Esq., to represent them in regard to these matters. Plaintiffs filed an action against U.S. F. & G. alleging fraud for misrepresenting certain facts and to set aside the judgments. One of the two judgments was vacated by agreement, the other judgment was paid and satisfied. Plaintiffs also filed this legal malpractice action against the Defendant regarding his representation of them in the underlying action filed by U.S. F. & G. Defendant now seeks to have access to privileged information held by Mr. Porter, Plaintiffs' former attorney.

The Court has approached the Defendant's motion with extreme caution and due deference to the general rule that once the party

asserting the privilege has satisfied the criteria establishing the existence of the attorney-client privilege, that the entire professional intercourse between an attorney and his or her client, of whatever it may consist, should be protected by profound secrecy. *See generally Robertson v. Commonwealth*, 181 Va. 520, 25 S.E.2d 352 (1943); *VEPCO v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397 (E.D. Va. 1975). However, the attachment of the privilege to specific communications is not without obvious limits, and as a privilege which is held by the client, it may be waived expressly or by implication from the client's conduct. *Grant v. Harris*, 116 Va. 642, 82 S.E. 718 (1914); *Seventh District Committee of the Virginia State Bar v. Gunter*, 212 Va. 278, 183 S.E.2d 713 (1971).

Under the facts of this case, I find that the Plaintiffs have put the privileged information held by Mr. Porter directly in issue and that any such information is part of one continuous course of legal representation that the Plaintiffs pursued, first with the Defendant and then with Mr. Porter. While the privilege is extinguished as to information held by the Defendant which is necessary to defend this legal malpractice action, it does not automatically extend to information held by other counsel. *United States v. Butler*, 167 F. Supp. 102 (E.D. Va. 1957), *aff'd*, 260 F.2d 574 (4th Cir. 1958); *Pruitt v. Peyton*, 243 F. Supp. 907 (E.D. Va. 1965). It becomes an issue of fairness, which under the facts of this case, run strongly in favor of the Defendant's right to question the intervening attorney as to the specific areas in issue. The Court cannot allow the Plaintiffs to use the attorney-client privilege as both a sword and a shield in this case, as such, I find that the Plaintiffs have waived their right to assert the attorney-client privilege as to privileged communications held by Mr. Porter which specifically relate to his representation of the Plaintiffs in the underlying action and resulting judgment in favor of U.S. F. & G.