## CIRCUIT COURT OF FAIRFAX COUNTY

Barbara J. Grasso

v.

Edward J. O'Connor, Jr.

December 9, 1996

Case No. (Law) 155221

BY JUDGE THOMAS S. KENNY

This matter arises on Mr. Duff's motion to quash a subpoena duces tecum issued by Mr. Dyer against each of two attorneys involved in Ms. Grasso's divorce. Ms. Grasso, Mr. Duff's client, was represented by Mr. O'Connor, Mr. Dyer's client, for part of the time that her divorce was pending in Fauquier County. One of the attorneys whose files are being subpoenaed, Mr. Weinstock, was consulted by Ms. Grasso before Mr. O'Connor withdrew from the divorce action. The other, Mr. McCrary, was not involved until several weeks after Mr. O'Connor withdrew.

Mr. Duff has sought to quash both subpoenas on the grounds of attorney-client privilege. Understandably, the court is always extremely reluctant to interfere with such a privilege. Nevertheless, when a client has herself put in issue the very subject matter of the communications she is now trying to protect, she has impliedly waived the privilege. *See Tomblyn v. Compton*, 26 Va. Cir. 131 (1991). Here, Ms. Grasso has complained that Mr. O'Connor abandoned her case, although Mr. O'Connor claims that he had received correspondence from Mr Weinstock that he, Mr. Weinstock, was now co-counsel in the case. The court believes that this sufficiently puts into issue the nature of Mr. Weinstock's representation of Ms. Grasso and what he and she had told each other about the case. Accordingly, the subpoena duces tecum against Mr. Weinstock shall not be quashed.

The same cannot be said about Mr. McCrary's representation of Ms. Grasso. That occurred well after Mr. O'Connor's involvement in the Grasso divorce was over. Nothing that the plaintiff might have communicated to Mr.

McCrary could have any impact on whether Mr. O'Connor did or did not commit professional malpractice. The motion to quash the subpoena duces tecum against Mr. McCrary is sustained.