Calvin W. PRUITT, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Misc. No. 4517.

United States District Court
E. D. Virginia,
Norfolk Division.

July 27, 1965.

Michael L. Soffin, Richmond, Va., for petitioner.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondent.

WALTER E. HOFFMAN, Chief Judge.

Following the remand of this case [1] the Court directed a plenary hearing for the initial sole purpose of determining whether the petitioner knowingly and understandingly abandoned or deliberately bypassed the state court system in the course of procedures adopted by him in exhausting his state court remedies by way of habeas corpus.

Immediately the question arose as to the admissibility of correspondence between petitioner and his state court-appointed attorney.[2] The respondent wishes to introduce the correspondence to establish his contention that petitioner deliberately bypassed the state court procedures available to him.

The background of this case is revealed in the opinion by Circuit Judge Bell and will not be repeated. It is sufficient to state that petitioner was accorded a plenary hearing in his state court application for a writ of habeas corpus; the decision of the trial judge was adverse to petitioner; the state court then appointed another attorney for the purpose of seeking a writ of error to the Supreme Court of Appeals of Virginia; the petition was timely filed and pending before Virginia's highest court when petitioner, acting on his own initiative, obtained an order withdrawing same. Prior to the entry of the order permitting the withdrawal of the appeal, petitioner presented his federal petition to this Court. The federal petition claims an exhaustion of state court remedies because of the contents of his petition filed by his state court-appointed counsel, which petition did not please the petitioner. Thus, the very ground for the indicated abandonment of state court remedies rests in the alleged failure of the state court-appointed attorney on appeal to recite in his petition certain facts and legal conclusions which petitioner claims should have been presented. In short, petitioner claims that his attorney was incompetent in presenting the petition for appeal.

■ We think that a reasonable interpretation of the Court of Appeals opinion requires us to interrogate both the petitioner and his state attorney. If this is not the meaning of this opinion, there is no need to inquire further as to

1. Pruitt v. Peyton, 4 Cir., 338 F.2d 859.

2. The Court has not seen the correspondence. The state attorney states that it is pertinent to the issue, although the federal attorney does not indicate that it is of any great significance.

whether petitioner intentionally abandoned his appeal. We do not suggest that correspondence, if any, touching upon the commission of the crime is admissible. If there be any such comments, the same may be excised. We merely hold that such correspondence or conversations, if any, relating to the withdrawal of the petition for writ of error and/or the filing of the federal petition are not within the attorney-client privilege rule.

 It is well established that if a client assails his attorney's conduct of the case, or if a patient attacks his physician's treatment, the privilege as to confidential communications is waived, since the attorney or physician has a right to defend himself under the circumstances. United States v. Kendrick, 4 Cir., 331 F.2d 110; United States v. Wiggins, 184 F.Supp. 673. As this Court stated in United States v. Butler, 167 F. Supp. 102, aff'd. 4 Cir., 260 F.2d 574, where correspondence between petitioner and his attorney was introduced:

> "While the rule with respect to privileged communications between attorney and client should be zealously guarded, yet this privilege may be destroyed by the acts of the client in attacking the attorney on a charge of dereliction of duty."

In Wiggins, supra, a post-conviction claim of incompetency to stand trial was treated as an implied attack on the trial attorney's performance, thus constituting a waiver of the privilege.

 In his efforts to secure a reconsideration of this Court's order denying his federal petition under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, petitioner forwarded to this Court a copy of his letter of February 7, 1964, addressed to his state attorney. The letter demonstrates the exchange of correspondence between petitioner and his state attorney prior to petitioner taking his precipitous action in seeking withdrawal of his state appeal. If such correspondence is not now to be considered, it will, of course, be impossible for this Court to determine whether petitioner knowingly and understandably bypassed his state court remedies. The Court would be required to rule solely upon petitioner's testimony. Since the very purpose of the withdrawal of the state appeal and the filing of a federal petition obviously rests in petitioner's dissatisfaction with his counsel's efforts, and since such dissatisfaction is the subject of prior correspondence between attorney and client, we hold that petitioner has created an issue of the communications and he has waived his privilege, if any existed. Farnsworth v. Sanford, 5 Cir., 115 F.2d 375.

 With the increased number of post-conviction hearings in state and federal courts, additional exceptions to the attorney-client privilege rule will be engrafted according to the circumstances of each case.[3] If the facts of this case are without judicial precedent, let an exception be created at this time. The correspondence must, of necessity, relate to procedural matters and does not require the attorney to disclose factual details of the crimes; nor is the attorney called upon to express his opinion of petitioner's mental competency to stand trial. Cf. Gunther v. United States, 97 U.S. App.D.C. 254, 230 F.2d 222. The increasing problems confronting court-appointed attorneys in criminal and post-conviction cases compels some relaxation to the attorney-client privilege rule. By way of illustration, it is now well settled that the maximum possible sentence must be explained to the defendant before accepting his guilty plea in a federal court. In some instances courts overlook this important detail, but if defendant's attorney had advised his client as to the maximum sentence there can be no doubt as to the propriety in interrogating the attorney on this point. The Fourth Circuit, while not mentioning the privilege rule, has tacitly approved consideration

---

3. See Virginia L.Rev., Jan., 1965, p. 149, for an interesting discussion of attorney-client privilege.

of testimony from an attorney in Brown v. Brough, Warden, 4 Cir., 346 F.2d 149.

An order will be entered directing the admission of communications and correspondence between petitioner and his state court-appointed habeas corpus attorney, subject to the comments herein made. If petitioner's present counsel is of the opinion that this is in error, an appeal from an interlocutory order will be certified as the Court has not yet seen the correspondence in question. Petitioner's counsel shall advise the Court as to his intentions within fifteen days from this date.