**Noe Q. FLORES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1199.**

Supreme Court of Alaska.

Oct. 5, 1970.

Victor Carlson, Public Defender, Michael L. Rubinstein, Asst. Public Defender,

Anchorage, R. Collin Middleton, Asst. Public Defender, Ketchikan, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., Anchorage, Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, and CONNOR, JJ.

## OPINION

CONNOR, Justice.

Appellant was convicted in 1967 of first degree murder and manslaughter. Those convictions were affirmed by this court in Flores v. State, 443 P.2d 73 (Alaska 1968).

Appellant, while incarcerated at Leavenworth, Kansas, brought a motion for post-conviction relief under the provisions of the then Criminal Rule 35(b)[1] in which he alleged (1) that his trial defense counsel had inadequately represented him, (2) that there was improper tampering with the petit jury which heard his case, and (3) that he was deprived of his constitutional right to a public trial. The motion was filed with this court but we remanded it to the superior court for a hearing in accordance with Thompson v. State, 412 P.2d 628 (Alaska 1966). Various hearings were held on this motion, after which it was. denied. This appeal is now brought from the denial of the motion.

At one of the hearings on the motion, appellant's trial counsel was called as a witness on the question of adequacy of his representation of appellant but, in the absence of express consent from appellant, trial counsel quite properly refused to testify. After being given an opportunity, by communications from both the trial court and his post-conviction relief counsel, Mil-

1. Appellant's application was filed before Crim.R. 35 was changed to its present form. Crim.R. 35(b) at the relevant time read as follows:

"(b) Motion Attacking Sentence. A prisoner in custody under sentence of the District Court for the District (Territory) of Alaska or the superior court of the State of Alaska claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States or the Constitution or laws of Alaska, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence or its successor, to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the State District Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or

that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court, or its successor, shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the supreme court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this subdivision, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or it successor, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

ton J. Souter, to voluntarily waive the attorney-client privilege, appellant refused to do so, stating that he wanted to proceed solely on the question of whether he had been denied his right to a public trial. Appellant thus forestalled further inquiry into this ground for relief. We regard this as a voluntary abandonment of the claim that he was inadequately represented by his trial counsel.

■ Appellant's post-conviction relief counsel made a diligent investigation of the jury tampering claim, found that the alleged witnesses as to that claim had no information which could substantiate it, so advised appellant and the court, and was permitted by the court to abandon that issue. On the record before us it is clear that the trial court correctly permitted this claim to be dismissed.

■ On the question of public trial, it appears that during its deliberations on Saturday afternoon, April 29, 1967, the trial jury requested that certain trial testimony be played back to it. That same afternoon a newspaper reporter tried to enter the state court and office building at Fairbanks. He found all the doors locked, and he waited approximately an hour before someone came along who let him in. When he arrived at the courtroom, the jury was listening to a replay of certain recorded testimony. The judge, jury, trial counsel, appellant, and at least one spectator were present when he entered the courtroom. From the record it appears that appellant's case was submitted to the jury at about 1:00 p. m. on the day in question. At about 4:42 p. m. the jury asked to listen to a playback of the testimony, and this commenced at 4:45 p. m. and ended at 5:25 p. m. The period during which the newspaper reporter was not able to reach the courtroom was, thus, quite brief and it occurred after the case was submitted to the jury.

No purposeful exclusion of the public is claimed. It is not known who, of the various persons possessing keys, locked the doors to the courthouse on this occasion. Nor is it shown how the trial judge could have known the building was locked or prevented it from being locked while he was presiding in court. But these matters, in the context of this case, border on the immaterial. We hold that under the circumstances presented here, appellant was not denied his constitutional right to a public trial.[2] For a similar holding based on a comparable fact situation, see State v. Von Reeden, 104 Ariz. 404, 454 P.2d 149, 150 (1969).

■ Lastly, appellant contends that he should have been present in person at the hearings on his post-conviction relief motion. As to two of his claims he was not a witness to or a participant in the matters alleged. We have found that his claim of inadequate representation by counsel, on which he might possibly have been a witness, was abandoned. We perceive no basis on which his presence at these hearings would have advanced his position or would have assisted his post-conviction relief counsel in litigating the motion on appellant's behalf. As we pointed out in Rivett v. State, 395 P.2d 264, 270 (Alaska 1964):

> "Criminal Rule 35(b) is not mandatory in its provision regarding the presence of the defendant at a hearing on his motion * * *."

We have examined carefully the record, the briefs, and the authorities cited by appellant. The trial court went to considerable lengths to see that appellant and his post-conviction relief counsel were given both time and procedural latitude to develop evidence and argument in support of the motion. We are satisfied that the motion was determined fairly and without error.

Affirmed.

---

2. It could be held that the replay of testimony was not, for constitutional purposes, part of his "trial," but we need not decide the case on that ground.