**David D. LEWIS**

v.

**STATE of Alaska.**

No. 2603.

Supreme Court of Alaska.

June 20, 1977.

---

Phillip P. Weidner, Barbara J. Miracle, Asst. Public Defenders, and Brian C. Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

CONNOR, Justice.

Pursuant to a plea bargain, on July 10, 1974, David D. Lewis pleaded guilty to receiving and concealing stolen property, carrying a concealed weapon, and operating a motor vehicle while intoxicated. Imposition of sentence was suspended, and he was placed on probation.

### I

Almost ten months later, on April 30, 1975, Lewis moved to vacate his convictions and withdraw his guilty pleas[1] on the ground that the trial court had not followed the procedure specified in Criminal Rule 11 to insure that the guilty pleas were knowing and voluntary.

On the charge of receiving and concealing stolen property, the exchange among the trial court, Mr. Lewis, and his counsel was as follows:

"THE COURT: Is your client ready to enter a plea at this time to the information?

MR. WEIDNER: Yes, he is, Your Honor. It is my understanding he wishes to enter a plea of guilty to the information as charged.

---

1. The motion goes only to the receiving and concealing and concealed weapon charges, not the OMVI charge.

THE COURT: All right, Mr. Lewis. How do you plead to the information that was just filed charging you with receiving and concealing stolen property?

MR. LEWIS: Guilty, Your Honor.

THE COURT: All right, now. The only reason you are pleading guilty is because you are, in fact, guilty.

MR. LEWIS: Yes, Your Honor.

THE COURT: There's no other reason? Do you fully understand your rights—right to a jury trial, right to be confronted by the witnesses, right to counsel and so forth?

MR. LEWIS: Yes, Your Honor.

THE COURT: You're represented by competent counsel. Are you satisfied he understands his rights, Mr. Weidner?

MR. WEIDNER: Yes, I am, Your Honor.

THE COURT: All right. I'm going to follow the—I'll find you guilty in accordance with your plea and order one year suspended imposition of sentence on the condition that you successfully complete the program at the Future House, Inc. Now you understand that if you fail in this that you're going to be back before the court for sentencing?

MR. LEWIS: Yes, Your Honor."

On the charge of carrying a concealed weapon, the proceedings were as follows:

"THE COURT: Now as to Count II, I understand you wish to change your plea. How do you plead now as to Count II?

MR. LEWIS: Guilty, Your Honor.

THE COURT: All right, on Count II I'll find you guilty and I'm not going through your rights again. The state's recommendation was a suspended imposition for six months?

MR. AGI: That's correct, Your Honor."

▮ The state concedes that the trial court did not follow the procedure specified in Rule 11(c).[2] It argues, however, that the error was harmless and that Lewis does not demonstrate the manifest injustice required by Criminal Rule 32(d)(1) for a withdrawal of a guilty plea.[3] After a hearing at which

---

2. Criminal Rule 11(c) provides:

(c) *Pleas of Guilty or Nolo Contendere.* The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

(1) determining that he understands the nature of the charge; and

(2) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury or trial by a judge and the right to be confronted with the witnesses against him; and

(3) informing him:

(i) of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered, and

(ii) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty.

3. Criminal Rule 32(d) provides in pertinent part as follows:

(d) *Plea Withdrawal.*

(1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.

(i) A motion for withdrawal is timely and is not barred because made subsequent to judgment or sentence if it is made with due diligence.

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant demonstrates that:

(aa) He was denied the effective assistance of counsel guaranteed to him by constitution, statute or rule, or

(bb) The plea was not entered or ratified by the defendant or a person authorized to so act in his behalf, or

(cc) The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed, or

(dd) He did not receive the charge or sentence concessions contemplated by the plea agreement, and

(A) the prosecuting attorney failed to seek or opposed the concessions promised in the plea agreement or

(B) after being advised that the court no longer concurred and after being called upon to affirm or withdraw his plea, he did not affirm his plea.

(iii) The defendant may move for withdrawal of his plea without alleging he is innocent of the charge to which the plea has been entered.

(2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right.

. . . .

the state called as a witness Mr. Weidner, Lewis' counsel at the time he entered the guilty pleas,[4] the court denied the motion. Lewis appeals from denial of the motion.

Preliminarily, the state asserts that the appeal is not timely. On June 13, 1975, the trial court orally denied Lewis' motion. The records of the trial court indicate that the decision covered cases 73–635 (the receiving and concealing charge) and 74–2695 (the concealed weapon charge). On June 26, the court again orally denied the motion in case number 73–635. On July 21, Lewis filed an appeal from the June 26 order, but purported to appeal cases 73–635 and 74–2695, both the receiving and concealing and the concealed weapon convictions. By July 21, the 30-day period in which to appeal an order entered on June 13 had expired.

■ We consider the appeal with respect to both convictions. The record is far from clear concerning the relationship between the June 13 and June 26 orders. Counsel could have believed in good faith that the order of the 26th was the only final and appealable order. In this state of the record, we will exercise our power under Appellate Rule 46 to relax our rules in the interest of justice. *McCracken v. State,* 482 P.2d 269 (Alaska 1971).

The state urges us to affirm the trial court's decision against Lewis because he did not act with due diligence in pursuing his post-conviction remedies. Nearly ten months elapsed between his guilty pleas and the filing of the motion to withdraw them. Criminal Rule 32(d)(1)(i) states that: "A motion for withdrawal [of a guilty plea] is timely . . . if it is made with due diligence."

Whether or not Lewis acted with sufficient diligence to satisfy Rule 32, a question which we do not address, we note that his motion is also based on Criminal Rule 35(b), which provides for post-conviction relief. Rule 35(d) permits a post-conviction relief proceeding to be commenced at any time. Lewis relied principally on Rule 32, rather than Rule 35, in the proceedings below, but

---

4. Lewis' counsel, Mr. Hellen, objected to all of Weidner's testimony based on the attorney-client privilege. The objection was overruled. Weidner, during the course of his testimony, refused to answer questions about the type of advice he generally gives his clients, again invoking the privilege. The court sustained his refusal to answer.

Neither party discusses the point on appeal, but we take this occasion to note that Lewis waived the privilege with respect to his discussions with Weidner by filing the motion which on its face put in issue what advice he did or did not receive from Weidner. *See State v. Bastedo,* 253 Iowa 103, 111 N.W.2d 255, 260 (1961); *Pruitt v. Peyton,* 243 F.Supp. 907, 909 (E.D.Va.1965); 8 J. Wigmore, *Evidence* § 2327 at 638 (McNaughton rev. 1961). Since the privilege belongs to the client and not the attorney, it was waived even though Weidner was not the attorney who filed the motion on Lewis' behalf. *See id.* §§ 2321, 2327. The purpose of the rule implying waiver in this situation is essentially fairness to the opposing party—here, the state. Lewis cannot be permitted to put his discussions with counsel in issue, then deny to the state the evidence which is probably most probative on the question. *Pruitt, supra* at 909; *Merritt v. Superior Court,* 9 Cal. App.3d 721, 88 Cal.Rptr. 337, 342–43 (1970). *See generally* Comment, Limitations on California Professional Privileges, 9 *U.C.D.L.Rev.* 477, 509–11, 518–20 (1976).

This case differs from *Flores v. State,* 475 P.2d 37 (Alaska 1970). Flores filed a motion for post-conviction relief alleging ineffective assistance of counsel. The trial court and his new counsel both told him that he must either waive the attorney-client privilege or have his motion denied. He refused to waive. We held that he had voluntarily abandoned his claim of ineffective assistance. Lewis, in the instant case, did not expressly refuse to waive the privilege in this manner, and the state does not assert that it was prejudiced because he was not put to the choice.

On the other hand, Lewis' waiver did not extend to the information concerning the advice which Weidner ordinarily gives his clients. Waiver by one client is insufficient to require a lawyer to answer such questions. The trial court, therefore, was correct in ruling that the privilege protected Weidner's refusal to answer these questions.

Because of the differences between the physician-patient and attorney-client privileges, and the greater solicitude with which the latter privilege is regarded, we emphasize that it is not the mere filing of the motion, but the actual placing in issue of confidences covered by the privilege, that waives the attorney-client privilege. Therefore, our discussion of the physician-patient privilege in *Trans-World Investments v. Drobny,* 554 P.2d 1148 (Alaska 1976), does not indicate either the occasion or the scope of waiver of the attorney-client privilege.

the effect of a decision denying him Rule 32 relief because of untimeliness would be to permit him to start over again in the trial courts raising identical issues under Rule 35. Since Lewis cited Rule 35 in his motion to the trial court, and the trial court addressed the merits of his contentions, nothing would be gained by our attention to the timeliness issue under Rule 32, and so we proceeded to the merits.

## II

Lewis contends that the trial court did not comply with Criminal Rule 11(c), which requires that the judge address the defendant personally to determine whether the defendant understands the nature of the charge. The state concedes that the record does not reflect compliance with Rule 11(c), but argues that we should nevertheless affirm the trial court because the error was harmless.

■ The United States Supreme Court has held that a failure of the trial court to follow the procedure specified in Federal Rule of Criminal Procedure 11(c), similar to our rule of that same number, is *per se* reversible error. *McCarthy v. United States,* 394 U.S. 459, 468–72, 89 S.Ct. 1166, 1172–1173, 22 L.Ed.2d 418, 426–29 (1969). We believe, however, that adoption of such a *per se* rule is unnecessary and that the consequences of this type of error would be better considered on a case-by-case basis.[5]

We note, first, that Criminal Rule 32(d)(1) permits withdrawal of guilty pleas only if the defendant "proves that withdrawal is necessary to correct manifest injustice." A holding that reversal of the conviction is required whenever a guilty plea was not received in strict compliance with Rule 11(c) would be difficult to reconcile with this "manifest injustice" requirement.[6]

While a motion to withdraw a guilty plea pursuant to Rule 32(d)(1) must be made with "due diligence," a defendant can also seek to withdraw his guilty plea in a post-conviction relief proceeding under Rule 35(b), as Lewis is doing here. As we have noted above, Rule 35(d) explicitly provides that such a proceeding may be instituted at any time. If the *McCarthy* rule were adopted, a defendant who knew that Rule 11(c) had not been complied with in his case could wait for months or years before filing an action for post-conviction relief. He could then withdraw his guilty plea and require the state to take his case to trial at a time when key witnesses cannot be located and memories have faded. This, we believe, is far too drastic a sanction when the violation of Rule 11(c) is not major.

■ This opinion should not be interpreted by trial judges as an indication that we do not consider compliance with Rule 11(c) important. We reiterate what we have said before—that compliance with Rule 11(c) is necessary to insure that a defendant who is pleading guilty is aware of the nature of the charges against him and the possible consequences of his plea, both the rights he is giving up and the sentence he may receive. *E. g. Barrett v. State,* 544 P.2d 830 (Alaska 1975); *McKinnon v. State,* 526 P.2d 18, 26 (Alaska 1974). Our holding that the error should not inure to Lewis' benefit does not detract from the conclusion, conceded by both parties to this appeal, that the trial judge did not comply with Rule 11(c).

---

**5.** Shortly before *McCarthy,* we indicated in dictum that violation of Rule 11 might sometimes be harmless error. *Ingram v. State,* 450 P.2d 161 (Alaska 1969). But until the instant case we have never found it necessary to decide the issue.

**6.** In *Tafoya v. State,* 500 P.2d 247 (Alaska 1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973), we held that an attack on a guilty plea, even if brought under Rule

35(b), was to be decided according to the substantive standards of Rule 32(d). *Accord, United States v. Kent,* 397 F.2d 446, 448 n.1 (7th Cir. 1968), *cert. denied,* 393 U.S. 1081, 89 S.Ct. 860, 21 L.Ed.2d 773 (1969), and *Kienlen v. United States,* 379 F.2d 20, 23 (10th Cir. 1967), stating the same rule for challenges to guilty pleas in the federal courts under 28 U.S.C. § 2255, the federal equivalent of our Rule 35(b).

When Lewis pleaded guilty, he was accompanied by an experienced criminal defense attorney who assured the court that he had discussed the plea with Lewis and that Lewis was pleading knowingly and competently. Yet his attorney never made known to the court his belief that the procedures of Rule 11(c) were not being followed. Had he done so, the trial court would have had the opportunity to correct the error at once, and the time and expense of this collateral proceeding might have been avoided. The time and expense would be far greater were we to apply the *McCarthy* rule and reverse and remand for further proceedings. The system of justice would be ill served by a rule which permitted defendants with skilled counsel to obtain automatic reversals long after the fact for errors which counsel presumably could have prevented merely by speaking up.[7]

We emphasize that every defendant is entitled to be treated fairly by the courts, and is entitled to an opportunity to have his allegations of error considered. Yet courts have long recognized that a defendant is not entitled to an automatic reversal on appeal when the trial court commits any error, however slight and whether or not he was prejudiced by it. *E. g. Wright v. State,* 501 P.2d 1360, 1366 (Alaska 1972); *Love v. State,* 457 P.2d 622, 629–34 (Alaska 1969). Criminal Rule 47(a) provides:

(a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

Finally, we note that at the time of the *McCarthy* decision, federal rule 11(c) was much less detailed than either the federal or the Alaska rule is today. The opportunity for clear, but harmless, good-faith violations of the rule by trial courts is much greater with the rule in its present form. Recognizing this, the drafters of the Uniform Rules of Criminal Procedure would apply the *McCarthy* rule of automatic reversal only if "[t]he plea was accepted without *substantial* compliance" with their equivalent of Rule 11(c). Uniform Rule of Criminal Procedure 444(e)(2)(i) (1974) (emphasis added); *see id.* Comment, at 189.

For these reasons, we have determined to treat violations of Criminal Rule 11(c) in the same manner as other errors not of constitutional dimension [8]—reversible only if they affect substantial rights of the defendant.

We now consider whether, in the instant case, the violation of Criminal Rule 11(c) was harmless error.

Lewis complains that the trial court violated Rule 11(c) by not questioning him concerning his understanding of the nature of the charges and the rights he was giving up, and not informing him of the maximum and minimum punishment provided by law. In his brief on appeal, he suggests that he may have pleaded guilty either to protect his brother, who had been named as a co-defendant, or to obtain entry into a drug treatment program. Yet he never actually asserts this as a fact. His motion to withdraw the plea is supported by no affidavits, from Lewis or anyone else, and he presented no oral testimony at the hearing on the motion. The statement in the brief is framed as a double negative:

"Thus, there is nothing to indicate that David pled not because of a factual basis of guilt but to protect his brother by admitting to a receiving and concealing information he didn't understand, and to secure help for his personal problems."

1215–16 (concurring opinion). Nevertheless, it is a factor to be considered, as we did in *Else,* in determining whether a violation of Rule 11(c) is harmless or reversible error.

---

7. In *Else v. State,* 555 P.2d 1210 (Alaska 1976), we considered the case of a defendant who pleaded guilty without the assistance of counsel. We intimated there that in such cases, the trial court was under a greater burden to insure that the defendant fully understands the nature of the charge and the consequences of a guilty plea. Justice Rabinowitz was correct in stating that Rule 11(c) does not distinguish between counseled and uncounseled defendants. *Id.* at

8. In *Barrett v. State,* 544 P.2d 830 (Alaska 1975), we held that error of this nature is not of constitutional dimension.

Under Criminal Rule 32(d)(1), the defendant must prove manifest injustice before withdrawal of a plea will be permitted. He may not, merely by suggesting possible motives for a plea, shift to the state the burden of proving what was in his mind when he entered the plea.[9] Any defendant could make allegations such as these. To hold that they are sufficient for withdrawal of a plea would have the same effect as adopting the *McCarthy* rule of *per se* reversible error, which we have declined to do.

Moreover, we have some difficulty relating the violations of Rule 11(c) to the types of prejudice Lewis claimed to suffer. A plea agreement had been negotiated; had the judge refused to sentence him in accordance with that agreement, he could have withdrawn his plea of guilty. Criminal Rule 11(e)(4). Hence the maximum penalty prescribed by statute was irrelevant. Far from insisting on a detailed explanation of the elements of the charge, Lewis' counsel waived the reading of the information and immediately thereafter notified the court that Lewis was prepared to plead. Lewis then assured the court that the only reason he was pleading guilty was that he was in fact guilty. His counsel told the court he was satisfied that Lewis understood his rights.

■ We can only speculate about the possible prejudice Lewis may have suffered, and its relationship to the violations of Rule 11(c). On this record, we have concluded that Lewis' substantial rights were not affected and that the error was, therefore, harmless.

■ In addition to presenting arguments based on Rule 11, Lewis contends that he was denied due process of law by the failure of the court to sufficiently question him concerning his decision to plead guilty. This argument was resolved adversely to the defendant in *Barrett v. State,* 544 P.2d 830 (Alaska 1975). For the reasons stated in *Barrett,* we hold that Lewis was not denied due process.

## III

The receiving and concealing charge to which Lewis pleaded guilty is a felony. He had originally been indicted for burglary in a dwelling. As part of the plea bargain, the indictment was dismissed and Lewis pled guilty to an information charging receiving and concealing. He claims on appeal that he was denied his right under Art. I, Section 8 of the state Constitution to be indicted by a grand jury.

■ We do not consider this contention, because Lewis raises it for the first time on appeal. In the court below, Lewis never asserted that his right to indictment had been violated. The only mention of this issue in the record is in the state's answer to his motion to withdraw his guilty plea for other reasons. There, the state noted that Lewis should be held to have waived many rights, including the right to indictment as well as the other rights he claimed to have been denied. Pursuant to our usual practice, we will not address on appeal issues not presented to the trial court. *See, e. g., Lumbermens Mutual Cas. Co. v. Continental Cas. Co.,* 387 P.2d 104, 109 (Alaska 1963). The purpose of this rule is served only if the issue was presented to the court below for decision in an adversarial context and in a form substantially similar to that in which it is presented to us. The purpose is to allow meaningful initial

9. This is in accord with the rule which applies to post-conviction proceedings generally, that the petitioner has the burden of alleging and proving by a preponderance of the evidence the facts necessary to set aside the conviction. *Merrill v. State,* 457 P.2d 231, 234 (Alaska 1969).

In *Ingram v. State,* 450 P.2d 161, 163 (Alaska 1969), the burden of proof was shifted to the state only after the petitioner had made an extensive evidentiary showing of diminished mental capacity at the time of pleading guilty. At that point, the state had the burden of demonstrating that the error was harmless. In the instant case, Lewis has not carried his initial burden of proof imposed by Criminal Rule 32(d)(1).

consideration of the issue by the trial court. *Maloney v. Brandt,* 123 F.2d 779, 782 (7th Cir. 1941). Mere mention of the issue by the opposing party out of an apparent abundance of caution is not sufficient to meet this requirement.

AFFIRMED.

RABINOWITZ, Justice, with whom BOOCHEVER, Chief Justice, joins, dissenting.

I cannot agree with the majority's rejection of the rule espoused by the Supreme Court of the United States in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). There the Supreme Court held that a failure on the trial court's part to comply with the specified procedures of Rule 11, Federal Rules of Criminal Procedure was *per se* reversible error entitling the defendant to plead anew. Essentially for the reasons advanced by Chief Justice Warren, I am persuaded that adoption of the *McCarthy per se* rule for violations of Alaska's Criminal Rule 11 is preferable to the majority's approach in the case at bar and overall would have had a more salutary effect on the administration of justice in Alaska.

In *McCarthy* the government argued that despite the express directives of Rule 11 the District Court " 'could properly *assume* that the petitioner was entering that plea with a complete understanding of the charge against him.' " (emphasis in original)[1] In rejecting this argument, the Supreme Court noted that to accept the government's position would require ignoring the two purposes of Rule 11. Regarding the dual purposes of Rule 11, the Supreme Court stated:

First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that

a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

. . . By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack.[2] (footnotes omitted)

The rule adopted by the majority undercuts the dual rationales of Rule 11 and does much to denigrate the importance of compliance by Alaska's trial judges with Rule 11. Instead of adopting a *per se* rule, the majority has decided that the consequences of error flowing from non-compliance with Rule 11 should be considered on a case-by-case basis, reversible only if such error affects "substantial" rights of the defendant. In my view, the majority's test not only signals to the trial bench that this court will not insist upon strict adherence to the mandate of Rule 11 but will undoubtedly result in more numerous post-conviction attacks in the future on convictions obtained after pleas of guilty or nolo contendere have been entered.

Further, I think the majority's test misses the central focus of Rule 11 which imposes upon the trial court, not counsel, the duty of personally addressing the defendant and advising him of certain specified rights in order to ascertain the voluntariness of the plea in the context of the accused's relinquishment of important constitutional

1. *McCarthy v. United States,* 394 U.S. 459, 464, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 424 (1969).

2. *Id.* at 465–66, 89 S.Ct. at 1170, 22 L.Ed.2d at 424–25.

rights.[3] Thus, in my opinion, the presence [4] or actions of defense counsel should be totally irrelevant in an after the fact inquiry into voluntariness. The proper focus of any such inquiry must be an evaluation of the trial court's actions against the standard of its duties established in Rule 11.[5]

In the case at bar the state has conceded that the trial court did not follow the procedures specified in Rule 11(c). Given this concession, I would hold that the record fails to show substantial compliance with Rule 11 and therefore the convictions in question, must be vacated, withdrawal of the guilty pleas permitted, and the opportunity for new pleading and further trial proceedings given.

---

**3.** The Supreme Court, in referring to the two purposes of Rule 11, stated in *McCarthy* that:

These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, 1466, 146 A.L.R. 357 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. (footnotes omitted)

*McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425 (1969).

**4.** *See Else v. State,* 555 P.2d 1210, 1215–16 (Alaska 1976) (Rabinowitz, J., concurring).

**5.** In formulating its *per se* rule, the Supreme Court in *McCarthy* cited with approval the Ninth Circuit's opinion in *Heiden v. United States,* 353 F.2d 53 (9th Cir. 1965). More particularly, the Supreme Court said:

Rule 11 is designed to eliminate any need to resort to a later fact-finding proceeding 'in this highly subjective area.' *Heiden v. United States,* supra, at 55. The Rule 'contemplates that disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset . . . .' Ibid. . . . There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him. (emphasis in original) *McCarthy v. United States,* 394 U.S. at 469–70, 89 S.Ct. at 1172, 22 L.Ed.2d at 427.