**Roger T. SOLBERG, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3199.

Supreme Court of Alaska.

Aug. 26, 1977.

Carol Johnson, Birch, Horton, Bittner & Monroe, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

PER CURIAM.

Appellant Roger Solberg was charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor.[1] Appellant entered a plea of nolo contendere to this charge and was thereupon sentenced by the district court to thirty days imprisonment. On the same day that sentence was imposed, Solberg moved to withdraw his plea on the ground that his plea of nolo contendere was entered due to misunderstanding as to the sentence which could be imposed. The district court denied appellant's motion to withdraw his plea. Solberg then appealed to the superior court on the grounds that he was not fully informed of the maximum sentence that could be imposed and did not fully realize the consequences of his entry of a plea of nolo contendere for the offense of operating

---

1. AS 28.35.030 provides:

Driving while under the influence of intoxicating liquor or drugs. A person who, while under the influence of intoxicating liquor, depressant, hallucinogenic or stimulant drugs or narcotic drugs as defined in AS 17.10.230(13) and AS 17.12.150(3) operates or drives an automobile, motorcycle or other motor vehicle in the state, upon conviction, is punishable by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both. Upon a second conviction within five years after a first conviction under this section, the court shall impose a minimum sentence of imprisonment of not less than three days. Upon a

subsequent conviction within five years after a second conviction under this section, the court shall impose a minimum sentence of imprisonment of not less than 10 days. The execution of sentence may not be suspended nor may probation of parole be granted until the minimum imprisonment provided in this section has been served, nor may imposition of sentence be suspended, except upon the condition that the defendant be imprisoned for no less than the minimum period provided in this section, nor may the punishment provided for in this section be reduced under AS 11.05.150. In addition, his operator's license shall be revoked in accordance with AS 28.15.210(c).

a motor vehicle while intoxicated. The superior court affirmed the district court's rejection of appellant's motion to withdraw his nolo contendere plea and this appeal followed.[2]

In this appeal the State of Alaska has confessed error. In its confession of error, the state notes "a remarkable parallel between the transcript of the proceedings here and the record in *Boykin v. Alabama,* 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] (1969)." Further, the state explicitly "concedes that the inquiry made of the defendant in the instant case consisted only of a determination that he understood that he could be sentenced on a no contest plea as on a guilty plea." The state concludes its confession of error in the following manner:

> Accordingly, the State of Alaska concedes that error occurred in accepting the defendant's *nolo* plea without at least some inquiry into the voluntariness of that plea, and that the court likewise erred in failing to permit withdrawal of the plea.[3]

We have reviewed the state's confession of error in light of the principles recently enunciated in *Lewis v. State,* 565 P.2d 846 (Alaska, 1977) and *Joe v. State,* 565 P.2d 508 (Alaska, 1977).[4] In our opinion in *Lewis,* this court chose not to adopt the rule of *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which mandates that the failure of a federal trial court to follow the procedures specified in Rule 11(c), Federal Rules of Criminal Procedure, is *per se* reversible error. In *Lewis* we held that the consequences of the trial court's failure to comply with Alaska's parallel Rule 11 "would be better considered on a case-by-case basis."[5] In *Joe* we applied the *Lewis* rule and concluded that "the state met its burden of proof, and that the superior court did substantially comply with Criminal Rule 11 at the time it accepted Harold Harvey Joe's plea."[6]

Based upon our decisions in *Lewis* and *Joe,* we have concluded that the confession of error is supported by the record and has foundation in law.[7] Criminal Rule 11(c) provides in part:

> (c) *Pleas of Guilty or Nolo Contendere.* The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
>
> .     .     .     .
>
> (3) informing him:
> (i) of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered .   .   .

---

2. In its Judgment on Appeal the superior court held in part:

   > While compliance with Criminal Rule 11(c) is, of course, desirable and the court should insure that criminal defendants are properly informed and aware of the consequences of their actions, this court concludes that the District Court Judge did not err in denying appellant's motion to withdraw plea. The appellant was represented by counsel, the plea was openly made with an understanding of the charge and the possibility of the type of punishment that was actually imposed.

3. The government further states in its confession of error that "[i]n *Boykin,* the Supreme Court of the United States held it to be plain and reversible error to accept a guilty plea absent some indication in the record that the plea was offered voluntarily."

4. All of the relevant proceedings which were held in both the district and superior courts in the case at bar antedated our decisions in the *Lewis* and *Joe* cases.

5. *Lewis v. State,* at 851 (Alaska, 1977). Further, in *Lewis,* at 852, we stated:

   > [T]he drafters of the Uniform Rules of Criminal Procedure would apply the *McCarthy* rule of automatic reversal only if '[t]he plea was accepted without *substantial* compliance' with their equivalent of Rule 11(c). Uniform Rule of Criminal Procedure 444(e)(2)(i) (1974).
   >
   > For these reasons, we have determined to treat violations of Criminal Rule 11(c) in the same manner as other errors not of constitutional dimension—reversible only if they affect substantial rights of the defendant. (footnote and citation omitted; emphasis in original)

6. *Joe v. State,* at 514 (Alaska, 1977).

7. *Compare In the Matter of D. P. v. State,* 556 P.2d 1256 (Alaska, 1976).

Since the district court did not comply with the procedural requirement of Criminal Rule 11(c)(3)(i), we conclude that the government's confession of error is appropriate. Given the district court's failure to substantially comply with Criminal Rule 11, the matter is remanded to the superior court with directions to remand to the district court for the purpose of permitting appellant to withdraw his plea of nolo contendere. The state may proceed in its prosecution of appellant for the offense of operating a motor vehicle while under the influence of intoxicating liquor.

BOOCHEVER, Chief Justice, with whom RABINOWITZ, Justice, joins, concurring.

For the reasons stated in the dissent to *Lewis v. State*, 565 P.2d 846, (Alaska, 1977), I would hold that the failure of the trial court to comply with the specified procedures of Criminal Rule 11 was per se reversible error entitling the defendant to plead anew. This approach would not involve reversing a conviction after trial, but would merely permit a defendant who has not been furnished the information required by our rules to replead after being so informed. It is increasingly apparent that the substantial workload of this court is being unnecessarily increased by appeals in cases where Rule 11 has not been followed. As long as the issue is to be decided by appraising the consequences of the error on a case-by-case basis, undue litigation is encouraged. I think that the court should reconsider its position and follow the reasoning adopted by the United States Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).