Kelly WILEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3557.

Court of Appeals of Alaska.

Dec. 13, 1991.

Leslie A. Hiebert, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant.

Jill De La Hunt, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

BRYNER, Chief Judge.

Kelly Wiley entered a plea of no contest to one count of sexual assault in the first degree. In return, the state agreed to dismiss a second count of first-degree sexual assault, as well as a charge of assault in the first degree. Prior to sentencing, the state filed a notice of presumptive sentencing and aggravating factors. The notice alleged that Wiley was a first felony offender, that he had used a dangerous instrument and caused serious physical injury to his victim, and that he was therefore subject to the ten-year presumptive term specified in AS 12.55.125(i)(2).[1] The notice

1. AS 12.55.125(i)(2) provides, in relevant part:

A defendant convicted of sexual assault in

further alleged that six statutory aggravating factors applied to Wiley's case. In an accompanying sentencing memorandum the state asked the court to sentence Wiley to a term of fifteen to twenty-five years.

Wiley moved to withdraw his no contest plea the next day. He later filed a superseding motion, supported by his own affidavit. Wiley alleged that his no contest plea had resulted from ineffective assistance of the three public defender agency attorneys who initially represented him. In particular, Wiley asserted that his most recent public defender, Kevin Callahan, had led him to believe that he would receive a sentence in the range of four to eight years if he pled no contest to the first-degree sexual assault charge:

Mr. Callahan ... told me if I was convicted at trial, I would probably receive approximately thirty years in jail, but if I entered a plea I would only receive four to eight years in jail.

... Based on Mr. Callahan's statements and the belief I would only receive four to eight years in jail as opposed to 30 years in jail, I entered a no contest plea.

After hearing oral argument, Superior Court Judge Rene J. Gonzalez denied Wiley's motion to withdraw his plea. Judge Gonzalez found that Wiley had failed to establish a fair and just reason to withdraw his plea, as required under Alaska Criminal Rule 11(h)(2).[2] With regard to Wiley's claim that Callahan misled him about the likely sentence, Judge Gonzalez concluded:

A review of the record of the change of plea proceeding reveals that the undersigned judge clearly informed Wiley of his rights as well as the exposure he would have regarding a sentence if the

court accepted his plea of no contest. Wiley has failed to present sufficient evidence upon which this court could conclude that he had a reasonable basis to believe that by entering a plea to one count he was exposing himself to a sentence limited to a range of four (4) to eight (8) years.

Judge Gonzalez also concluded that the state, as a result of its reliance on Wiley's no contest plea, would incur substantial prejudice if Wiley were to withdraw the plea:

Additionally, in its opposition the state has produced sufficient evidence to establish that it would be prejudiced by permitting the Defendant to withdraw his plea as the whereabouts of three of the State's witnesses are unknown.

■ On appeal, Wiley argues that the superior court erred in denying the motion to withdraw his plea. Abandoning his claim of ineffective assistance of counsel, Wiley advances a slightly different argument than he raised below. He now contends that, at his change of plea hearing, Judge Gonzalez mistakenly indicated that the applicable presumptive sentence in the case would be eight years (the standard presumptive sentence for a first offender convicted of first-degree sexual assault) instead of ten years (the presumptive term for a first offender who uses a dangerous instrument or causes serious physical injury).

Wiley characterizes this flaw as a breach of the court's duty to inform him, prior to accepting his plea of no contest, "of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the of-

the first degree ... may be sentenced to a definite term of imprisonment of not more than 30 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

....

(2) If the offense is a first felony conviction, and the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, 10 years....

**2.** Alaska Criminal Rule 11(h)(2) provides:

Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

fense...." Alaska R.Crim.P. 11(c)(3)(i). He argues that this violation of Criminal Rule 11 mandated withdrawal of his plea.

■ Wiley's argument is unpersuasive. Criminal Rule 11(c) requires the court, before it accepts a plea of guilty or no contest, to advise the defendant of any mandatory minimum or statutory maximum term applicable to the case. The rule does not purport to require specific information concerning the applicable presumptive term. While it is certainly desirable that pertinent information concerning presumptive sentencing be given by the court in a change of plea hearing, such advice is not explicitly mandated under Criminal Rule 11(c).

Wiley points out that this court has previously held that presumptive sentencing is mandatory, not discretionary. *See Kelly v. State*, 663 P.2d 967, 974 (Alaska App.1983). He contends that, for this reason, the presumptive sentence specified for a given case is the equivalent of a mandatory minimum sentence.

We find little merit to this argument. The mere fact that the statutory system of presumptive sentencing is, as a whole, obligatory, does not mean that the presumptive term in any given case is the equivalent of a mandatory minimum sentence. In

fact, we have previously held that mandatory minimum sentences are not the same as presumptive sentences. *See, e.g., Middleton v. Anchorage*, 673 P.2d 283, 284 (Alaska App.1983).

A presumptive term is subject to upward or downward adjustment in light of various statutory aggravating and mitigating factors.[3] Even in the absence of mitigating factors, the sentencing court is authorized to refer any case to the three-judge sentencing panel to avoid manifest injustice.[4]

Only when the court finds no mitigating factors or manifest injustice will it be precluded from imposing a sentence below the applicable presumptive term for an offense. However, it would be unrealistic to construe Criminal Rule 11(c) to apply even to such cases, because, at a change of plea hearing, the court will seldom be in a position to accurately determine whether and to what extent presumptive sentencing will apply to a case and what if any mitigating factors may be established. Issues pertaining to the defendant's prior record and to the existence of aggravating and mitigating factors are ordinarily resolved immediately before a sentence is actually imposed—well after the change of plea hearing has occurred.[5] For this reason, it will

---

**3.** Alaska Statute 12.55.155(b) specifies:

Sentence increments and decrements under this section [governing factors in aggravation and mitigation] shall be based on the totality of the aggravating and mitigating factors set out in (c) and (d) of this section.

Under subsection (c) of AS 12.55.155, twenty-eight aggravating factors are listed. Subsection (d) sets forth sixteen mitigating factors.

**4.** In this regard, AS 12.55.165 specifies:

If the defendant is subject to [presumptive sentencing] and the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

Under AS 12.55.175, the three-judge sentencing panel is authorized to impose any sentence it determines appropriate, without regard to the

applicable presumptive term. In relevant part, AS 12.55.175 provides:

(b) ... If the panel finds that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, it shall sentence the defendant in accordance with this section....

(c) The three-judge panel may in the interest of justice sentence the defendant to any definite term of imprisonment up to the maximum term provided for the offense....

**5.** Under AS 12.55.145(b), the state is required to serve on the defendant authenticated copies of court records establishing prior convictions twenty days prior to the date set for imposition of sentence. Under AS 12.55.145(c), the defendant is then allowed until ten days before the sentencing hearing to submit a formal notice of denial as to the prior conviction. The filing of a notice of denial triggers a hearing before the court immediately prior to imposition of the sentence. *See* AS 12.55.145(d). Likewise, with respect to aggravating and mitigating factors,

rarely be possible for the court, at the change of plea hearing, to give the defendant accurate and specific information about the effect that presumptive sentencing will actually have in the case at hand.

Wiley's case provides a good example. Wiley was found subject to the ten-year presumptive term specified in AS 12.55.-125(i)(2) because he used a dangerous instrument and caused serious physical injury. Had he not used a dangerous instrument or caused serious physical injury, he would have been subject to a presumptive term of eight years. AS 12.55.125(i)(1).[6] Wiley's indictment did not specifically allege either the existence of serious physical injury to the victim or the use of a dangerous instrument by Wiley, and no such allegation was required. Thus, at the change of plea hearing, Judge Gonzalez had no basis for determining that Wiley would ultimately be found subject to the ten-year presumptive term. Judge Gonzalez explained the presumptive sentencing scheme to Wiley on the assumption that the eight-year presumptive term might apply. Only later—shortly before the sentencing hearing—did the state file its notice alleging that Wiley was subject to the ten-year presumptive term. Under the circumstances, it would be unrealistic to expect that Judge Gonzalez could have divined that Wiley would eventually be found subject to the ten-year presumptive sentence and that no mitigating factors or manifest injustice would be established in his case.

Of course, a defendant who is misinformed as to the potential effect of presumptive sentencing in a given case or who is inadequately advised about the overall workings of the presumptive sentencing system might, in consequence thereof, have a fair and just reason for withdrawing a plea prior to sentencing. Alaska R.Crim.P. 11(h)(2). Likewise, depending on the circumstances, such misinformation might amount to manifest injustice warranting a post-sentence plea withdrawal. Criminal Rule 11(h)(1). But Wiley has shown neither manifest injustice nor a fair and just reason for withdrawing his plea in the present case.

Although Judge Gonzalez may have incorrectly assumed that an eight-year presumptive term would apply in Wiley's case, the balance of the judge's explanation at Wiley's change of plea hearing accurately portrayed the overall manner in which the presumptive sentencing system would work in his case.[7] In particular, after ex-

AS 12.55.155(f) requires any party proposing an aggravating or mitigating factor to submit a written notice to the court ten days before the sentencing hearing; applicability of the proposed factor is then determined immediately prior to the imposition of sentence.

6. AS 12.55.125(i)(1) provides, in relevant part:
   A defendant convicted of sexual assault in the first degree ... may be sentenced to a definite term of imprisonment of not more than 30 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55–175:
   (1) If the offense is a first felony conviction and does not involve circumstances described in (2) of this subsection, eight years[.]

7. In relevant part, the colloquy between Judge Gonzalez and Wiley at the change of plea hearing went as follows:
   COURT: The sentence that you would be exposing yourself to ... would be a sentence of up to thirty years in jail.... It's important for you to know that the crime of sexual assault in the first degree has a presumptive sentence of eight years if this is your first felony offense. What this means is that I am required by law to impose a sentence of eight years. I don't start at zero. I have to start at eight. So you will be sentenced to at least eight years of incarceration. Do you understand that?
   WILEY: Yes.
   ....
   COURT: I have a lot of discretion to adjust it downward to four years or I could go way beyond the eight years depending on the aggravating factors or mitigating factors. So you should not be sitting there believing that eight years is the only thing that I can give you. I can give you more than that. Or I can give you less than that. It all depends on the information that is provided to me and the respective notices that will be filed by the prosecutor or your defense counsel or both. Do you have any questions regarding the sentence that you expose yourself to?
   WILEY: No.
   COURT: Are you satisfied with the opportunities you have had to discuss this case with [Mr. Callahan]?
   WILEY: Yes.
   ....
   COURT: Is your decision to change your plea a free and voluntary decision?
   WILEY: Yes.

plaining the thirty-year statutory maximum term and the eight-year first offense presumptive term for first-degree sexual assault, Judge Gonzalez made it clear to Wiley that the presumptive term was simply a starting point for sentencing, and that the court would have a broad range of discretion to adjust it upward or downward, depending on the presence of aggravating or mitigating factors:

> COURT: I have a lot of discretion to adjust it [the eight-year presumptive term] downward to four years or I could go way beyond the eight years depending on the aggravating factors or mitigating factors. So you should not be sitting there believing that eight years is the only thing that I can give you. I can give you more than that. Or I can give you less than that. It all depends on the information that is provided to me and the respective notices that will be filed by the prosecutor or your defense counsel or both. Do you have any questions regarding the sentence that you expose yourself to?

> WILEY: No.

By this explanation, Judge Gonzalez informed Wiley, with unmistakable clarity, that he was exposing himself to a sentence "way beyond" the eight-year first offense presumptive term. Wiley professed to understand the explanation and had no questions. He indicated that he was satisfied with the opportunity he had had to discuss his case with Callahan, the attorney who then represented him.

> COURT: Is that what you want to do?
> WILEY: Yes.
> COURT: Has any person threatened harm to you or any other person to get you to change your plea?
> WILEY: No.
> COURT: Have you been informed that I would be more likely to give you a lesser sentence if you entered a plea at this time than if you were to go to trial?
> WILEY: No.
> COURT: Has anybody made any representation to you that there is some kind of understanding that has not been disclosed to me between your attorneys and the state's attorneys as to what I would do at the time of sentencing?

There is nothing in the record suggesting that Wiley could have had any reasonable basis to believe that his case was not an aggravated one and that the state would not seek an upward adjustment of the presumptive term by alleging aggravating factors. The record as a whole establishes that Judge Gonzalez substantially met the need to explain presumptive sentencing to Wiley and to explain the parameters within which his sentence would actually be determined.

Of equal significance here is Wiley's utter failure to establish that he actually relied on or was misled by the court's mistaken reference to the eight-year, rather than ten-year presumptive sentence. Wiley bears the burden of establishing a fair and just reason to withdraw his plea. *See, e.g., Lewis v. State*, 565 P.2d 846 (Alaska 1977); *Monroe v. State*, 752 P.2d 1017 (Alaska App.1988).

Although, on appeal, Wiley alleges that the court's mistaken reference to an eight-year presumptive term misled him, this allegation finds no support in the record. In his own affidavit, Wiley stated only that Callahan had informed him that he would probably receive a sentence of four to eight years. At no point did Wiley suggest that he was misled by Judge Gonzalez's reference to the eight-year presumptive term. Apart from his own affidavit, Wiley adduced no evidence concerning the effect of Judge Gonzalez's reference to the eight-year presumptive term.

Wiley's conclusory and unsupported assertion on appeal that he might have been

> WILEY: No.
> COURT: Do you fully understand that the court will be authorized to give you any sentence authorized by law?
> WILEY: Yes.
> At this point Wiley's attorney said, "We have discussed sentencing extensively."
> COURT: It's important for you to also understand that I can disregard any recommendation made to me by the state or your defense attorney. I will be completely free to determine on my own an appropriate sentence in your case. Do you understand that?
> WILEY: Yes.

misled by the reference to an eight-year presumptive term does not suffice to establish a fair and just reason for the withdrawal of his plea:

> [A defendant] may not, merely by suggesting possible motives for a plea, shift to the state the burden of proving what was in his mind when he entered the plea. Any defendant could make allegations such as these. To hold that they are sufficient for withdrawal of a plea would have the same effect as adopting [a rule of per se reversal].

*Lewis v. State*, 565 P.2d at 853 (footnote omitted).

Particularly in light of its finding that the state would be substantially prejudiced by a plea withdrawal (a finding that Wiley has not disputed), the superior court did not abuse its discretion in concluding that Wiley failed to establish a fair and just reason to withdraw his plea.

■ Wiley alternatively contends that his sentence is excessive. After finding no mitigating factors and five aggravating factors applicable to the case, Judge Gonzalez sentenced Wiley to an enhanced presumptive term of fifteen years. One of the aggravating factors relied on by Judge Gonzalez was that Wiley's conduct was among the most serious included in the definition of first-degree sexual assault. AS 12.55.155(c)(10). Wiley reasons that, in finding this factor applicable, Judge Gonzalez relied on Wiley's use of a dangerous instrument and on his having caused serious injury to his victim. Wiley argues that, because these circumstances already resulted in the enhancement of his presumptive sentence from eight to ten years, they could not properly be relied on to further enhance his sentence by finding his conduct to be among the most serious included in the definition of the offense.

Wiley's argument is without merit. Judge Gonzalez's sentencing remarks establish that, in relying on the most-serious conduct aggravating factor as a partial basis for enhancing Wiley's ten-year presumptive sentence, the judge found Wiley's conduct to be among the most serious within in the aggravated class of first-degree sexual assaults qualifying for the enhanced, ten-year presumptive term.

The record supports Judge Gonzalez's finding. A first felony offender who commits a first-degree sexual assault can qualify for the ten-year presumptive term specified in AS 12.55.125(i)(2) either by using a dangerous instrument or by inflicting serious physical injury. Here, Wiley's conduct involved both the use of a dangerous instrument and the infliction of serious physical injury. In finding Wiley's conduct the most serious in its class, Judge Gonzalez could properly consider this fact.

Moreover, Judge Gonzalez could properly consider that Wiley's use of a dangerous instrument against his victim was exceptionally brutal and involved deliberate cruelty. Similarly, the judge could consider the extraordinary level of both physical and sexual violence involved in Wiley's assault—violence that led to profound and lasting injuries, which went well beyond what might be considered typical even in cases of serious physical injury. Finally, Judge Gonzalez could properly consider the protracted and repeated nature of Wiley's assaultive conduct—a consideration wholly independent of his use of a dangerous instrument and his infliction of serious physical injury.

Considering the record as a whole, we conclude that Judge Gonzalez was not clearly erroneous in finding Wiley's conduct among the most serious in its class and in relying on this aggravating factor to enhance Wiley's sentence beyond the applicable ten-year presumptive term.

■ Wiley further argues that his fifteen-year sentence is excessive for a first offender. As we have already indicated, however, Wiley's crime involved exceptionally serious conduct, which resulted in unusually severe injuries to his victim. The sentencing record establishes that Wiley has an extensive history of assaultive conduct toward women. Judge Gonzalez found Wiley to display little if any remorse for his crime. Both by his background and the seriousness of his conduct in the

present case, Wiley easily qualifies for inclusion at the top of the ten to fifteen-year benchmark range for first offenders convicted in cases of aggravated first-degree sexual assault. *See State v. Andrews,* 707 P.2d 900 (Alaska App.1985), *aff'd,* 723 P.2d 85 (Alaska 1986). Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below was not clearly mistaken. *State v. Wentz,* 805 P.2d 962 (Alaska 1991).

The judgment is AFFIRMED.