Johnnie Glenn **HERRON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 74–1427.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 5, 1975.

Decided March 6, 1975.

---

440

Johnnie Glenn Herron, pro se.

Keith S. Snyder, U. S. Atty., for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Defendant, a federal prisoner, was indicted for unlawful transportation in interstate commerce of a stolen motor vehicle. On April 14, 1972, upon a plea of guilty, he received a suspended sentence of thirty months and five years' probation. Prior to pleading, he waived his right to counsel. Probation was later revoked, and the sentence of thirty months reduced to twenty months. Defendant now has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Defendant alleges that he pleaded guilty without benefit of counsel and without actual knowledge that the automobile he transported in interstate commerce was stolen. He claims that it has since been established that the vehicle in question was not stolen, and that therefore he could not be guilty of the offense charged. Defendant's allegation is thus that, although he pleaded guilty to the offense, he was not in fact guilty because he had no knowledge that the vehicle was stolen when he transported it in interstate commerce.

Rule 11, F.R.Crim.P., specifically states that, in addition to ascertaining by

direct personal inquiry of a defendant that a guilty plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea, "[t]he court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Rule 11 is implemented by 28 U.S.C. § 753(b) which requires a court reporter to be present, *inter alia*, at "all proceedings in criminal cases had in open court," to report such proceedings and to file his transcript, original shorthand notes or electronic sound recording on arraignment, plea and sentence with the clerk of the district court. The clerk is required to preserve them for ten years. If Rule 11 and 28 U.S.C. § 753(b) had been complied with, manifestly defendant's case would admit of an easy solution. Either the proceedings would show that there was a factual basis for his plea, in which event he would not be permitted to relitigate whether he had knowledge that the vehicle was stolen; or the proceedings would show that a factual basis for his plea was not established, in which event the guilty plea would be stricken and he would be permitted to plead anew.

Unfortunately, in the instant case there is no record of the proceedings at which the plea of guilty was tendered and accepted. Despite inquiry and search, both the United States magistrate and the clerk of the district court certify that there is no record of these proceedings. The court reporter states that she has no independent recollection of the proceedings but that the notes of any proceedings that she reported would be filed in the magistrate's office. In denying the § 2255 motion, the district judge stated that the plea was taken in open court and evidence to show a factual basis for the plea was received, but the district judge fails to state whether the proceedings were reported.

■ In any event, whether the proceedings were not reported, or, if reported, whether the notes were not filed in accordance with 28 U.S.C. § 753(b), or, if filed, were subsequently lost by the magistrate or the clerk, we think that McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), requires that defendant's § 2255 motion be granted, that his guilty plea be stricken, and that he be permitted to plead anew. *McCarthy* held that literal compliance with the provision of Rule 11 requiring the district court to address a defendant personally to ascertain the voluntariness of a guilty plea and to satisfy himself that there is a factual basis for the plea was mandatory; and if literal compliance was not forthcoming, a defendant has the right to avoid the plea and to plead anew. The decision was grounded upon the supervisory power of the Court over lower federal courts, not upon any constitutional ground, to enforce a ready means of eliminating frivolous § 2255 motions which can be summarily denied if a proper record has been made and to assist in expeditious disposition of non-frivolous ones, as well as to provide a basis for the constitutionally required waiver of the right not to incriminate oneself.

■ Even if the district judge's compliance with Rule 11, as he certified, was full compliance with the rule, we think that *McCarthy* and its rationale apply no less to the provisions of 28 U.S.C. § 753(b) that the showing that there was a basis in fact for the plea be reported, that the record be filed and that the record be preserved for the requisite period. A failure of strict compliance on the part of the district judge, the court reporter, or the court clerk, as the case may be, will only result in unnecessary post-conviction hearings to determine what was done when the most accurate record is a transcript of what actually took place. Accordingly, defendant's motion must be granted, his plea stricken, and he be afforded the right to plead anew.

We reverse the judgment of the district court and remand the case for further proceedings in accordance with this opinion.

Reversed and remanded.