**Harold Harvey JOE**

v.

**STATE of Alaska.**

**No. 2714.**

Supreme Court of Alaska.

June 20, 1977.

Barbara J. Miracle, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, Justice, Pro Tem.

## OPINION

RABINOWITZ, Justice.

In November of 1973 appellant Harold Harvey Joe was indicted for the crime of assault with a dangerous weapon. The gist of the indictment was that Harvey Joe and Lawrence Kompkoff unlawfully and feloniously assaulted William Hansen by stabbing him, being thus in violation of AS 11.15.220. On September 4, 1974, Joe entered a plea of nolo contendere to the charge of assault with a dangerous weapon.[1] Upon acceptance of this plea, the superior court proceeded, on November 5, 1974, to sentence Joe to 10 years incarceration, the maximum period of imprisonment authorized by AS 11.15.220.[2]

Thereafter, on May 15, 1975, Joe moved pursuant to Criminal Rule 35(b). In requesting that his conviction be set aside, Joe asserted that his plea of nolo contendere was obtained in contravention of the Constitution of the United States because of Superior Court Judge James A. Hanson's failure to comply with the requirements of Criminal Rule 11.[3] More specifically, Joe

1. The record of the September 4, 1974, proceeding shows that the superior court, on motion of the prosecution, dismissed a first degree murder charge which was pending against Harold Harvey Joe who then entered a plea of nolo contendere to the charge of assault with a dangerous weapon.

In the course of the plea charge proceedings, the prosecutor stated the following regarding the dismissal of the homicide charge:

It is in a sense, a part of the consideration that we—or part of the negotiations in that it's something that counsel and I did discuss as we attempted to work out a resolution in case number 73–661 and that is the dismissal. However, it's not in the standard run of things that we often see where you dismiss one case rather almost gratuitously because he's going to plead on another. I do sincerely believe that based on what I know of that case, a substantial doubt exists.

2. Superior Court Judge James A. Hanson presided at the time Joe entered his nolo plea and was the judge who subsequently sentenced Joe. In the judgment and commitment which was entered, Judge Hanson recommended that Joe

be placed in an alcoholic rehabilitation program and that he be released on parole at the discretion of the Parole Board.

3. Criminal Rule 11, where pertinent, provides:

(c) The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

(1) determining that he understands the nature of the charge; and

(2) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury or trial by a judge and the right to be confronted with the witnesses against him; and

(3) informing him:

(i) of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered, and

(ii) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty.

(d) The court shall not accept a plea of guilty or nolo contendere without first, by

contended that his plea was involuntary because he had not understood that by pleading nolo contendere he waived his right to a trial and to confront the witnesses against him. Joe specifically asserted that the superior court failed to determine whether he understood the nature of the charge, and further that the superior court did not inform him of his right to a jury trial, of his right to confront witnesses, of the maximum and minimum permissible punishments, and of his right to persist in his plea of not guilty.[4] After the state had filed opposition to the motion, Superior Court Judge James K. Singleton concluded that he would hold an evidentiary hearing to determine whether the superior court had complied with Criminal Rule 11 before accepting Joe's nolo contendere plea, as well as for the additional purpose of determining whether Joe's plea was voluntarily and knowingly entered in conformity with the criteria enunciated in Criminal Rule 11. A decision to hold an evidentiary hearing was necessitated by the discovery that no electronic recording was made of the September 4, 1974, plea proceedings in the case at bar.[5] Due to a malfunction in the courtroom electronic recording equipment, no recording was made of the plea proceedings. The only record of the plea proceedings consists of two pages of skeletal log notes which were prepared by the in-court clerk during the proceedings.[6]

Over Joe's objections, Judge James K. Singleton held hearings for the purpose of determining whether the taking of appellant's nolo contendere plea was carried out in compliance with Criminal Rule 11. At these hearings, testimony was presented, over Joe's objection, from the attorneys who had represented him at the plea proceedings and from Judge James A. Hanson, the superior court judge who had presided at the plea proceedings. During the course of these hearings, Joe testified, despite his objection that such testimony violated his

addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire of the prosecuting attorney, defense counsel and the defendant himself to determine whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.

4. It appears that appellant's Criminal Rule 35(b) attack was initiated only after an earlier motion for reduction of sentence was denied by the superior court. Harvey Joe then perfected a sentence appeal to this court. In *Joe v. State,* 542 P.2d 159 (Alaska 1975), we affirmed the sentence which the superior court had imposed.

5. Rule 25, Rules Governing the Administration of All Courts, provides:

So far as practicable, all judicial business involving the trial of causes and conferences with members of the Bar or litigants shall be transacted in open court.

Rule 47(a), Rules Governing the Administration of All Courts, further provides:

Electronic recording equipment shall be installed in all courts for the purpose of recording all proceedings required by rule or law to be recorded. Such electronic recordings shall constitute the official court record. *It shall be the responsibility of each judge or magistrate to require that the electronic recording equipment in his court be operated only by qualified personnel in such manner and under such conditions as to insure the production of a readable record of all proceedings.* (emphasis added)

Criminal Rule 11(g) provides that:

An electronic recording shall be made of the entire proceedings except that no recording need be made of pleas to misdemeanors for which the maximum possible penalty is a fine.

6. The log notes, where relevant, indicate the following:

Deft w/draws plea of not guilty and enters plea of nolo contendere in 73–661 Cr. (Middleton) [defense co-counsel]
Ct. enters judgment of guilty and orders pre-sentence report in 73–661 Cr.
Court questions deft (pleading no contest) (my impression some witnesses would be brought in)
(Rubinstein [defense co-counsel]—intend to call witnesses at sentencing)
(deft will understand better)
(have right to call witnesses)
(court—no sentence today)
(plead no contest, can find you guilty)
Ct directs bond continue as set.

fifth amendment privilege against self-incrimination.[7]

At the conclusion of these hearings, Judge Singleton announced his ruling, stating:

> I allowed evidence to be introduced and the decision in this case will be based on the evidence as to what transpired at the hearing and not on the blanket rule. I have considered that evidence and I have concluded that it is more probable than not that Mr. Joe was advised of the rights guaranteed him by Criminal Rule 11(c). While Judge Hanson, the sentencing judge, was not able to state from memory that each of the items was covered, nevertheless, viewing his testimony as a whole, together with the testimony of the other witnesses, I am convinced that there was a sufficient compliance with Rule 11(c) to protect the proceeding. Further, and as an alternate holding, I have concluded that Mr. Joe did, independent of any statement made to him by Judge Hanson, fully understand the nature of the charge against him, that he had a right to persist in his plea of not guilty, that he had a right to trial by jury, . . . that he had a right to be confronted with the witnesses against him . . . and what the mandatory minimum punishment, if any, was and what the mandatory maximum penalty, if any, was. Being assured of these things, I have concluded that any, even if there was some deficiency in the compliance with Rule 11(c), that that deficiency was not prejudicial to the rights of Mr. Joe. Consequently, based upon these findings, I have concluded that Mr. Joe's motion to withdraw his plea of guilty should be denied.[8]

This appeal followed.

In this appeal Harold Harvey Joe takes the position that the hearings conducted by

---

7. The record shows that Judge Singleton purported to grant conditional immunity to Joe. More specifically, Judge Singleton stated:

> [I]f the supreme court should say that under Alaska law without a statute permitting conditional immunity the court has no jurisdiction or authority to do that, nevertheless, if I was to do it, and to compel Mr. Joe to testify on condition of not getting the relief to which he claims a right without testifying, then I would assume the state would be estopped under the Alaska supreme court's view of conscious and unconscious and waivers and not waivers from any use of any information anyway. So that whether I have the authority to grant immunity, it would appear that I have the power to do it in the sense that if I do it, then no disadvantage can accrue to Mr. Joe thereafter. So I'll grant him a conditional immunity.

8. At the hearings, counsel for Joe informed the court that he had made a mistake in bringing a Criminal Rule 35(b) motion for post-conviction relief, and that the motion should be characterized as a Criminal Rule 32(d) motion to withdraw plea.

Criminal Rule 32(d) provides:

> (1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.
>
> (i) A motion for withdrawal is timely and is not barred because made subsequent to judgment or sentence if it is made with due diligence.
>
> (ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant demonstrates that:
>
> (aa) He was denied the effective assistance of counsel guaranteed to him by constitution, statute or rule, or
>
> (bb) The plea was not entered or ratified by the defendant or a person authorized to so act in his behalf, or
>
> (cc) The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed, or
>
> (dd) He did not receive the charge or sentence concessions contemplated by the plea agreement, and
>
> (A) the prosecuting attorney failed to seek or opposed the concessions promised in the plea agreement or
>
> (B) after being advised that the court no longer concurred and after being called upon to affirm or withdraw his plea, he did not affirm his plea.
>
> (iii) The defendant may move for withdrawal of his plea without alleging he is innocent of the charge to which the plea has been entered.
>
> (2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right. Before sentence, the court may in its discretion allow the defendant to withdraw his plea for any fair and just reason unless the prose-

Judge Singleton after the fact to determine whether there was compliance with Criminal Rule 11 violated "fundamental concepts of due process and the clear requirements of Rule 11 for an adequate record taken at the time the plea is entered." Joe further contends that even if an after-the-fact hearing is permissible, "the state failed to prove at the post-conviction hearing that the proceeding at which the plea was taken was in compliance with Rule 11 or that the plea was otherwise voluntary."[9] The state counters by arguing that Joe was not denied due process of law by virtue of Judge Singleton's hearing evidence as to the voluntariness of Joe's plea and compliance with Criminal Rule 11 by the trial court. The state takes the further position that there was sufficient evidence for the superior court's finding that Judge Hanson had complied with Criminal Rule 11 in accepting Joe's plea of nolo contendere. Given the particular facts in this case, we agree with the state's position and conclude that the superior court did not rule erroneously when it denied Joe's motion to withdraw his plea of nolo contendere.

In this court's recent opinion in *Lewis v. State*, 565 P.2d 846, Opinion No. 1447 (Alaska, June 20, 1977), a majority of this court declined to follow the rule of *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which specifies that the failure of the trial court to follow the procedure outlined in Federal Rule of Criminal Procedure 11(c) is per se reversible error. The majority was of the belief that the consequences of the trial court's failure to comply with Rule 11 "would be better considered on a case-by-case basis."[10] In *Lewis v. State*, we further stated:

[T]he drafters of the Uniform Rules of Criminal Procedure would apply the *McCarthy* rule of automatic reversal only

if '[t]he plea was accepted without *substantial* compliance' with their equivalent of Rule 11(c). Uniform Rule of Criminal Procedure 444(e)(2)(i) (1974).

For these reasons, we have determined to treat violations of Criminal Rule 11(c) in the same manner as other errors not of constitutional dimension—reversible only if they affect substantial rights of the defendant.[11] (footnote and citation omitted; emphasis in original)

█ Thus, our task is to decide whether Judge Singleton was correct in his conclusion that there was substantial compliance with Criminal Rule 11(c) at the time Joe entered his nolo plea. In the circumstances of the instant case, where there is no verbatim record of the plea proceedings due to a mechanical failure of the in-court electronic recording system, we must initially determine the threshold question whether Judge Singleton erred in his decision to hold an evidentiary hearing for the purpose of ascertaining whether Judge Hanson had complied with Rule 11(c). As to this question, we think the decision of the Supreme Court of the United States in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), furnishes appropriate guidance. There the Supreme Court said:

We held [in *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70, 77]:

'Presuming waiver [of the right to counsel] from a silent record is impermissible. The record must show, *or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer*. Anything less is not a waiver.'

We think that the same standard must be applied to determining whether a

---

cution has been substantially prejudiced by reliance upon the defendant's plea.

   (3) A plea of guilty or nolo contendere which is not accepted or has been withdrawn shall not be received against the defendant in any criminal proceeding.

**9.** In support of this latter contention, appellant makes the subsidiary contentions that the state had the burden of proving compliance with

Rule 11 or that the plea was otherwise voluntary at the evidentiary hearing and that the state failed to meet that burden.

**10.** *Lewis v. State*, 565 P.2d 846, at 851, Opinion No. 1447, (Alaska, June 20, 1977).

**11.** *Id.* 565 P.2d at 852.

guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction.[12] (emphasis added; footnote omitted)

In our view the foregoing rationale supports Judge Singleton's decision to make an evidentiary record at a time subsequent to the occasion upon which the plea proceeding was held. There are also sound policy reasons for upholding the superior court's decision to conduct an evidentiary hearing for the purpose of determining whether there was compliance with Rule 11, for as the state persuasively argues, if the mechanical failure of in-court recording equipment is . . . to represent automatic grounds for withdrawal of a plea, the continuing validity of every conviction which rests upon a plea will hereafter depend upon grounds which are irrelevant to the propriety or the fairness of the proceedings which led to that plea. Instead, the validity of convictions would rest upon such factors as the whim of nature, the mechanical capability of the court system's recording devices, the human fallibility of in-court deputy clerks in operating recording devices, or the clerical abilities of the trial court clerk's staff. . . . The absurdity of appellant's position . . . is underscored by the fact that a major fire in the Anchorage courthouse could vitiate the majority of convictions which have occurred in the Third Judicial District under the rule appellant espouses.[13]

■ We next turn to the question whether Judge Singleton correctly found that the superior court had substantially complied with the requirements of Rule 11 at the time Joe entered the nolo contendere plea which is now in question. Given the absence of a record which affirmatively demonstrates compliance by the sentencing court with the requirements of Rule 11, we are in agreement with appellant's argument that the burden is upon the state to prove by a preponderance of the evidence that there was substantial compliance with the provisions of Rule 11 by the trial court.

■ Based on our review of the hearing conducted by Judge Singleton, we have con-

**12.** *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969).

**13.** In reaching this conclusion, we choose not to follow *Herron v. United States,* 512 F.2d 439 (4th Cir. 1975). There, no record was preserved of the proceeding in which the defendant's guilty plea was taken; it was not known if the proceeding had been reported, and if so, whether the notes had simply not been filed as statutorily required, or if filed, whether they had been subsequently lost. In *Herron,* the defendant challenged the plea claiming that there was no factual basis for his plea of guilty to unlawful transportation in interstate commerce of a stolen motor vehicle. The defendant claimed that he had no knowledge that the vehicle was stolen when he transported it in interstate commerce. In addition, defendant entered his plea without benefit of counsel. There, the Fourth Circuit said:

If Rule 11 and 28 U.S.C. § 753(b) [which requires a court reporter to be present at 'all proceedings in criminal cases had in open court' to report such proceedings and to file a transcript, original shorthand notes or electronic sound recording on arraignment, plea and sentence with the clerk of the district court, and requires the clerk to preserve them for 10 years] had been complied with, manifestly defendant's case would admit of an easy solution. Either the proceedings would show that there was a factual basis for his plea, in which event he would not be permitted to relitigate whether he had knowledge that the vehicle was stolen; or the proceedings would show that a factual basis for his plea was not established, in which event the guilty plea would be stricken and he would be permitted to plead anew.

512 F.2d at 441. The Fourth Circuit concluded its analysis of the case by stating:

Even if the district judge's compliance with Rule 11, as he certified, was full compliance with the rule, we think that *McCarthy* and its rationale apply no less to the provisions of 28 U.S.C. § 753(b) that the showing that there was a basis in fact for the plea be reported, that the record be filed and that the record be preserved for the requisite period. A failure of strict compliance on the part of the district judge, the court reporter, or the court clerk, as the case may be, will only result in unnecessary post-conviction hearings to determine what was done when the most accurate record is a transcript of what actually took place. Accordingly, defendant's motion must be granted, his plea stricken, and he be afforded the right to plead anew.

512 F.2d at 441.

cluded that the state met its burden of proof, and that the superior court did substantially comply with Criminal Rule 11 at the time it accepted Harold Harvey Joe's plea. Briefly, the evidence shows that neither of Joe's trial counsel asserted at the evidentiary hearing that Judge Hanson had failed to comply with Criminal Rule 11.[14] Further, as it developed at the hearing, the focal point of appellant's Criminal Rule 11 attack was the allegation that Judge Hanson failed to ascertain whether or not Joe understood that by entering a plea of nolo contendere he could be found guilty without a trial. However, we note that at the evidentiary hearing Joe admitted that Judge Hanson told him that his "nolo contendere plea would be accepted as a guilty plea." At the hearing Judge Hanson testified, in part, as follows:

> A:  . . . I remember with certainty that I explained to him the nature of a—nature and consequences of a nolo contendere plea. I informed him that if he pleaded nolo contendere, I would pursuant thereto, find him guilty. I remember clearly explaining to him what the maximum penalty of—for the charge was. I remember quite clearly that I was informed in court and on the record that Mr. Joe—I think I asked him if he was pleading guilty because he was guilty and was informed that he had no recollection of the incident and that he was pleading guilty pursuant to advice of counsel and (indiscernible—interrupted).  . . .

> Q: It was not a guilty plea, was it?

> A: No, I mean nolo. . . . In his case there was pursuant to negotia-

tion and because the other case was being dismissed and he was pleading guilty pursuant to advice of counsel, and—but I have to say, if you're asking me, that I don't recall specifically informing him that by his plea of guilty or nolo contendere he waived his right to jury or trial by a judge and the right to be confronted with witnesses. Neither do I recall not telling him that. But I know my major concern was that he understood the plea with the consequences of it, that he could be sentenced to the maximum because there was no negotiation as to time to be served. I remember a substantial discussion about witnesses being called at the sentencing, which was to be at a later time and again, the emphasis was that the division of corrections was not to know the fact that another case was being dismissed and the nature of that case.

From our review of the entire record as it relates to the actions of the trial court in accepting Joe's nolo plea, we conclude that there was substantial compliance with Rule 11 by the superior court at the time Harold Harvey Joe entered his plea of nolo contendere.

Affirmed.

---

14. Collin Middleton testified that he had no memory as to whether Rule 11 was complied with. Michael Rubinstein testified that he had very little independent recollection of what the trial judge said at the plea proceeding as far as Rule 11 inquiries are concerned.