**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4034**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR HUGO CRUZ-CORTEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:14-cr-00113-JRS-1)

Submitted: July 20, 2015                    Decided: July 31, 2015

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Valencia D. Roberts, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Stephen David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Hugo Cruz-Cortez (Cruz) pled guilty to illegal reentry after having been removed following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to 41 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether Cruz's guilty plea is valid when there is no recording of the guilty plea hearing. Cruz was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

In this case, the magistrate judge conducted the guilty plea colloquy pursuant to Fed. R. Crim. P. 11 and recommended that the district court adopt its acceptance of Cruz's guilty plea. Cruz, however, failed to file objections to the magistrate judge's report and has therefore waived appellate review of this issue. Fed. R. Crim. P. 59(b); United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984) ("We do not believe . . . that the [Federal Magistrates] Act can be interpreted to permit a party . . . to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals.").

2

Moreover, the challenge fails on the merits. Because Cruz failed to challenge the validity of his guilty plea in the district court on the basis he now advances, our review is for plain error only. Fed. R. Crim. P. 52(b); Puckett v. United States, 556 U.S. 129, 134-36 (2009); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To establish plain error, Cruz must demonstrate that an error was made, the error was plain, and the error affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-343 (4th Cir. 2009). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. Id.

Although the absence in this case of a recording of the guilty plea proceeding[*] constitutes a plain error by the district court, see 28 U.S.C. § 753(b) (2012); Fed. R. Crim. P. 11(g); United States v. Hanno, 21 F.3d 42, 48 (4th Cir. 1994); United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985); United States v. Gallo, 763 F.2d 1504, 1530 (6th Cir. 1985); Herron v. United States, 512 F.2d 439, 441 (4th Cir. 1975) (per curiam), the error did not affect Cruz's substantial rights

---

[*] The guilty plea proceeding was recorded, but, as a result of mechanical problems with the recording, no transcript of the proceeding is available.

because Cruz does not suggest — and the record contains no indication that — but for the district court's plain error, Cruz would not have entered his guilty plea. Cruz thus fails to establish plain error rendering his guilty plea invalid.

In accordance with Anders, we also have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cruz, in writing, of the right to petition the Supreme Court of the United States for further review. If Cruz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cruz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4